IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTAWON CHAIRS,                         ) | |
| ) | |
| Petitioner/Defendant,     ) | |
| ) | CIVIL NO. 10-cv-475-DRH |
| vs.                                                     ) | |
| ) | CRIMINAL NO. 08-cr-30014 |
| UNITED STATES of AMERICA ,       ) | |
| ) | |
| Respondent/Plaintiff.      ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This matter is before the Court on Petitioner Antawon Chairs's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  This motion was filed by Chairs, *pro se*, and the Government has not filed written responses to this motion.  For the reasons set forth below, the motion is denied.

      In an open plea, Chairs pleaded guilty to two counts involving possession of firearms.  On March 27, 2009, he was sentenced to 147 months imprisonment, three years supervised release, a $625 fine, and a $200 assessment.  On appeal, Chairs argued only that the District Court erred in denying him a sentencing reduction for acceptance of responsibility.  The Seventh Circuit disagreed, and his sentence was affirmed.  *United States v. Chairs*, 360 Fed.Appx. 668 (7th Cir. 2010).

      Chairs then filed this § 2255 motion.  In his motion, Chairs presents two distinct arguments: (1) the Government violated the Speedy Trial Act, and (2) because his civil rights had been restored with respect to some of his prior convictions, those convictions could not be used to enhance his sentence as part of his criminal history.  Chairs also argues, generically, that his sentence is illegal,

and thus in violation of his Eighth Amendment right to be free of cruel and unusual punishment.

Relief under Section 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255; *Prewitt*, 83 F.3d at 816. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994). Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original). *See also Reed v. Farley*, 512 U.S. 339, 354 (1994). The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

None of the grounds raised in the instant motion were presented on direct appeal, although

all three grounds were available to him and should have been raised on direct appeal.  Moreover, Chairs offers no explanation of why he failed to raise these arguments on direct appeal.  Thus, Chairs has procedurally defaulted these claims, and the Court cannot provide him with the requested relief.

## CONCLUSION

None of the grounds presented by Chairs entitle him to relief under Section 2255 of Title 28.  Accordingly, the Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   August 4, 2010.**

/s/       DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**